IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION


BILLY DON JOHNSON                                                                    PLAINTIFF


v.                              NO. 3:09CV00107 HDY


MICHAEL J. ASTRUE,                                                                   DEFENDANT
Commissioner of the Social
Security Administration


<u>MEMORANDUM OPINION AND ORDER</u>

<u>BACKGROUND</u>.  Plaintiff Billy Don Johnson ("Johnson") began his attempt to obtain benefits by filing applications for disability insurance benefits and supplemental security income benefits pursuant to the provisions of the Social Security Act ("Act"). His applications were denied initially and upon reconsideration. He next requested, and received, a <u>de novo</u> hearing before an Administrative Law Judge, who eventually issued a decision adverse to Johnson. He then appealed. The Appeals Council affirmed the decision, which became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). Johnson next commenced the proceeding at bar by filing a complaint pursuant to 42 U.S.C. 405(g). In the complaint, he challenged the Commissioner's final decision.

-1-

STANDARD OF REVIEW. The sole inquiry for the Court is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. The standard requires the Court to take into consideration "the weight of the evidence in the record and apply a balancing test to evidence which is contrary." See Heino v. Astrue, 578 F.3d 873, 878 (8th Cir. 2009) [internal quotations and citations omitted].

THE COMMISSIONER'S FINDINGS. The Commissioner made findings pursuant to the five step sequential evaluation process. At step one, the Commissioner found that Johnson has not engaged in substantial gainful activity since the alleged onset date. At step two, the Commissioner found that Johnson has the following severe impairments: "arthritic spurs on his left elbow status post surgical scraping and low back pain." See Transcript at 13. At step three, the Commissioner found that Johnson does not have an impairment or combination of impairments listed in, or medically equal to one listed in, the governing regulations. The Commissioner then assessed Johnson's residual functional capacity and found that he can perform medium work, although he is "mildly limited in his ability to bend and push/pull heavy objects with his left arm." See Transcript at 15. The Commissioner then proceeded to step four. At that step, a vocational expert testified to the demands of Johnson's past relevant work. Applying Johnson's residual functional capacity to those demands, the Commissioner found that Johnson can perform his past relevant work as a machine operator and truck driver. Accordingly, the Commissioner concluded that Johnson is not disabled within the meaning of the Act.

JOHNSON'S ASSERTIONS OF ERROR. Are the Commissioner's findings supported by substantial evidence on the record as a whole? Johnson thinks not and advances the following reasons why: (1) he has an impairment and/or combination of impairments that meet or equal a listed impairment; (2) his residual functional capacity was not properly assessed; (3) he suffers from "non-exertional impairments that limit his ability to perform the full range of work described in one [of] the specific categories set forth in the guidelines and, therefore, the [Commissioner] [was] required to utilize the testimony of a vocational expert," see Document 14 at 9-10; and (4) the testimony of the vocational expert was flawed because: (A) the Commissioner failed to pose an adequate hypothetical question, and (B) the vocational expert failed to cite "examples of specific occupations that [Johnson] can perform and the incidence of such work in the economy," see Document 14 at 5.

THE COMMISSIONER'S FINDING AT STEP THREE. Johnson first maintains that he has an impairment and/or combination of impairments that meet or equal a listed impairment. At step three, the Commissioner is obligated to determine whether a claimant's impairment and/or combination of impairments "meet or equal an impairment listed in the Listing of Impairments in Appendix 1, Subpart P, 20 C.F.R. Part 404." See Kelley v. Barnhart, 372 F.3d 958, 961 (8th Cir. 2004). The determination at step three is strictly a medical determination. See Cockerham v. Sullivan, 895 F.2d 492 (8th Cir. 1990).

At step three, the Commissioner considered whether Johnson's impairments, i.e., his left elbow pain, low back pain, and right hip pain, meet or equal a listed impairment, specifically, Listing 1.02. The Commissioner found that the impairments and/or combination of impairments do not meet or equal a listed impairment as they "do not rise to the level of severity required to meet [Listing 1.02] or any other listing." See Transcript 15.

The Commissioner's finding at step three is not in error for at least two reasons. First, Johnson has failed to come forward with a specific reason why the Commissioner's finding is in error; the assertion is simply a one-sentence assertion of error.[1] Second, the Court has briefly examined Listing 1.02 and can find nothing to indicate that Johnson's impairment or combination of impairments meet or equal that listing. Thus, his assertion of error is without merit.

<u>JOHNSON'S RESIDUAL FUNCTIONAL CAPACITY</u>. Johnson next maintains that his residual functional capacity was not properly assessed. A claimant's residual functional capacity is simply an assessment of the most a person can do despite his limitations. See <u>Brown v. Barnhart</u>, 390 F.3d 535 (8th Cir. 2004). The assessment is made using all of the relevant evidence in the record and must be supported by medical evidence that addresses the claimant's ability to function in the workplace. See <u>Id</u>.

---

[1] In that regard, the Court notes that Johnson bears the burden of showing that his impairments, both individually and in combination with his other impairments, meet or equal a listed impairment. See <u>Brown v. Shalala</u>, 15 F.3d 97 (8th Cir. 1994) (burden of proof shifts to Commissioner only at step five).

In assessing Johnson's residual functional capacity, the Commissioner considered, inter alia, the medical evidence, including the findings of a consultative examination performed by Dr. Russell Webster ("Webster"); Johnson's subjective complaints; and his testimony at the administrative hearing. With regard to Webster's findings, the record reflects that Webster diagnosed Johnson with a mild limitation in his left elbow, which prevents heavy pushing and pulling with his left arm, and with a mild limitation with respect to his ability to bend. See Transcript at 178.[2] With regard to Johnson's subjective complaints, the record reflects that the Commissioner considered them in accordance with Polaski v. Heckler, 751 F.2d 943 (8th Cir. 1984). The Commissioner found that although Johnson likely experiences some pain, he does not experience the degree of pain he alleged. With regard to Johnson's testimony at the administrative hearing, he testified, inter alia, that he suffers from depression. See Transcript at 78. Although he appears to have received medication and counseling for a mental disorder, the Commissioner found that Johnson's symptoms are situational in nature and are controlled when he is compliant with his medication. Accordingly, the Commissioner found that Johnson can perform medium work, although he is "mildly limited in his ability to bend and push/pull heavy objects with his left arm." See Transcript at 15.

---

[2] Webster found that Johnson had no muscle weakness or atrophy and had normal limb function, save the limitations in his left elbow and arm. Webster also found that Johnson's gait and coordination were good, that he retained full grip strength, and that he retained the unrestricted ability to squat and arise from a squatting position. Webster additionally found that Johnson exhibited no manifestations of a mental condition.

The Commissioner's assessment of Johnson's residual functional capacity is not in error for the following reasons. First, as the Commissioner notes, Johnson cites no evidence to support his assertion of error. Although the Court has chosen not to deem the assertion of error waived, as the Commissioner maintains is warranted, see Vandenboom v. Barnhart, 421 F.3d 745 (8th Cir. 2005), it is nevertheless one consideration in reviewing Johnson's assertion of error.

Second, the medical evidence is unremarkable. As noted above, Webster diagnosed Johnson with a mild limitation in his left elbow, which prevents heavy pushing and pulling with his left arm, and with a mild limitation with respect to his ability to bend. Admittedly, the aforementioned findings were made by a consultative physician, whose findings are not accorded the greatest of weight, but they are supported by some testing, see Transcript at 180-182, and are consistent with the other medical evidence. Specifically, the notes of Drs. Jeff Stidman and Umar Daud indicate that save some generalized pain in Johnson's joints and back, his physical condition is unremarkable. See Transcript at 227-228 (Stidman's notes), and 229-234 (Daud's notes).

The bulk of the medical evidence appears to revolve around Johnson's mental condition as he was diagnosed with depression, a bi-polar disorder, and/or Attention Deficit Hyperactivity Disorder. The record reflects, however, that much of his depression is situational in nature, for instance his martial problems, and can be greatly aided by medication. See Transcript at 77-79, 268, 287, 292, 302, 316, 320, and 451.

Last, the non-medical evidence is equally unremarkable.[3] With regard to Johnson's subjective complaints, the Commissioner cited <u>Polaski</u> and engaged in a brief discussion of the factors identified in that decision. Admittedly, his treatment of each factor was not extensive, but the Court is satisfied that his treatment of the factors was adequate and is supported by substantial evidence on the record as a whole. For instance, the Commissioner considered Johnson's daily activities, which included caring for several children residing in his household. <u>See</u> Transcript at 487, 489, 495. The Commissioner also considered the type, dosage, effectiveness, and side effects of the medication Johnson takes or has taken. Although Johnson took some medication for the pain in his joints and back, there were periods when he did not. <u>See</u> Transcript at 143. He was prescribed medication for his mental condition, and the medication appears to have been effective in eliminating his "episodes of psychosis" when taken as prescribed. <u>See</u> Transcript at 451. The Commissioner also considered the treatment, other than medication, that Johnson received. The record does not reflect a consistent and regular course of treatment for his medical conditions. Thus, the Commissioner could and did find that the non-medical evidence is not consistent with disabling pain.[4]

---

[3] The Court admits to being hampered in its review by Johnson's failure to specifically identify what non-medical evidence the Commissioner failed to consider and what non-medical evidence is contrary to the evidence relied upon by the Commissioner.

[4] With regard to other matters considered by the Commissioner, including Johnson's testimony at the administrative hearing, the Commissioner could and did find that they do not support Johnson's assertion of disabling pain.

Accordingly, the Commissioner's finding as to Johnson's residual functional capacity is supported by substantial evidence on the record as a whole. Johnson's assertion of error is therefore without merit.

USE OF VOCATIONAL TESTIMONY. Johnson next maintains that he suffers from "non-exertional impairments that limit his ability to perform the full range of work described in one [of] the specific categories ... and, therefore, the [Commissioner] [was] required to utilize the testimony of a vocational expert." See Document 14 at 9-10. The problem with Johnson's assertion of error is that the Commissioner did utilize vocational testimony, albeit at step four. The Commissioner did so to ascertain the demands of Johnson's past relevant work. Upon finding that Johnson's residual functional capacity did not prevent him from performing the demands of his past relevant work as testified to by the vocational expert, the Commissioner did not need to proceed to step five. For that reason, Johnson's assertion of error is without merit.

THE VOCATIONAL EXPERT'S TESTIMONY. Johnson last maintains that the testimony of the vocational expert was flawed because the Commissioner failed to pose an adequate hypothetical question. The problem with Johnson's assertion of error is that the Commissioner never proceeded to step five and never asked the vocational expert a hypothetical question. The vocational expert only testified with respect to an issue at step four, that being, the demands of Johnson's past relevant work. Thus, his assertion of error is without merit.

Johnson additionally maintains that the testimony of the vocational expert was flawed because the Commissioner failed to cite "examples of specific occupations that [Johnson] can perform and the incidence of such work in the economy." See Document 14 at 5. His assertion of error is without merit for at least two reasons. First, the Commissioner did cite an example of a specific occupation that Johnson can perform: truck driver. See Transcript at 19.[5] Second, it was not necessary for the Commissioner to cite the incidence of such work in the economy because he stopped at step four and did not proceed to step five.

CONCLUSION. Given the foregoing, the Court is satisfied that substantial evidence on the record as a whole supports the Commissioner's findings. Johnson's complaint is dismissed, and all requested relief is denied. Judgment will be entered for the Commissioner.

IT IS SO ORDERED this ___1___ day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] The Commissioner also cited another occupation Johnson can perform: machine operator. The vocational expert testified that the job involves medium work but that it was likely "very heavy" work as described by Johnson. See Transcript at 88. It would therefore seem that given his residual functional capacity, which was identified as medium work with some restriction, he is incapable of performing his past relevant work as a machine operator because it involves "very heavy" work. This error is not fatal, though, because the Commissioner correctly determined that Johnson can perform his past relevant work as a truck driver, which required only medium work.